UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUNCEY HOLLIS, | Case No. CV 18-993 DMG(JC) |
| Plaintiff, | MEMORANDUM OPINION AND ORDER DISMISSING ACTION |
| v. | |
| CALIFORNIA MEN'S COLONY CORRECTIONAL OFFICERS AYALA, et al., | |
| Defendants. | |

## I. BACKGROUND AND SUMMARY

On February 6, 2018, plaintiff Chauncey Hollis, a prisoner who is proceeding *pro se* and has been granted leave to proceed without prepayment of the filing fee, formally filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") which appeared to name as defendants the warden and unspecified other individuals connected with the California Men's Colony ("CMC") where plaintiff was then housed.
///
///

On February 26, 2018, plaintiff formally filed a First Amended Civil Rights Complaint ("First Amended Complaint") pursuant to Section 1983, suing nine CMC officials, in their individual and official capacities, and seeking declaratory, injunctive, and monetary relief. On June 15, 2018, the Court screened and dismissed the First Amended Complaint pursuant to Title 28, United States Code sections 1915(e)(2)(B) and 1915A and Title 42, United States Code section 1997e(c), and granted plaintiff leave to file a Second Amended Complaint.

On July 12, 2018, plaintiff formally filed a Second Amended Complaint suing six CMC officials, namely: (1) Correctional Officer (C/O) Ayala; (2) C/O Akrami; (3) Lieutenant Blankenship; (4) Lieutenant Curry; (5) C/O Duke; and (6) Correctional Captain R. Grillo (collectively "defendants"). Plaintiff sued the first four defendants in their individual and official capacities, but did not specify the capacity/capacities in which he sued the last two defendants. Plaintiff appeared to claim that certain defendants deprived him of due process and equal protection under the 14th Amendment and of his right to petition and seek redress of grievances under the 1st Amendment, and sought solely monetary relief.

On November 30, 2018, this Court screened the Second Amended Complaint, notified plaintiff of multiple deficiencies therein, dismissed the Second Amended Complaint with leave to amend and directed plaintiff, within twenty-one (21) days, to file a Third Amended Complaint or a signed Notice of Dismissal ("November Order"). The November Order further expressly cautioned plaintiff in bold-faced print that the failure timely to file a Third Amended Complaint or a Notice of Dismissal may be deemed plaintiff's admission that amendment is futile and may result in the dismissal of this action, with or without prejudice, on the grounds set forth in the November Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the November Order.

///

Plaintiff's deadline to file a Third Amended Complaint or a Notice of Dismissal expired on December 21, 2018 – more than two months ago. To date, plaintiff has failed to file a Third Amended Complaint or a Notice of Dismissal. Nor has plaintiff sought an extension of such deadline or otherwise communicated with the Court since the issuance of the November Order.

## II. DISCUSSION

Based upon the record and the applicable law, and as further discussed below, the Court dismisses this action due to plaintiff's failure to comply with Rule 10 of the Federal Rules of Civil Procedure, failure to state a claim upon which relief can be granted, failure to comply with the November Order, and failure diligently to prosecute.

First, as explained in detail in the November Order, the Second Amended Complaint (1) violated Rule 10 of the Federal Rules of Civil Procedure because, among other things, it did not name all defendants in the caption; and (2) failed to state a viable claim against any defendant. The November Order explained in detail what plaintiff needed to do to cure the deficiencies in his pleading and granted plaintiff leave to file a Third Amended Complaint to the extent he was able to cure the multiple identified pleading deficiencies. The November Order further cautioned plaintiff that the action may be dismissed if he failed timely to file a Third Amended Complaint or a Notice of Dismissal. Since plaintiff failed to file a Third Amended Complaint despite having been given an opportunity to do so, the Court can only conclude that plaintiff is simply unable or unwilling to draft a complaint that comports with Rule 10 and states a viable claim for relief and deems such failure an admission that amendment is futile. See, e.g., Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.") (emphasis in original), cert. denied, 135 S. Ct. 57 (2014); Ferdik v. Bonzelet, 963 F.2d 1258,

1263 (9th Cir.), as amended (May 22, 1992) (affirming dismissal of action based on failure to comply with court order that complaint be amended to name all defendants in caption as required by Rule 10(a)), cert. denied, 506 U.S. 915 (1992). Accordingly, dismissal of the instant action based upon plaintiff's failure to comply with Rule 10 and to state a claim is appropriate.

Second, dismissal is appropriate based upon plaintiff's failure to comply with the November Order and the failure diligently to prosecute. It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik, 963 F.2d at 1260; see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations
///

omitted).[1]  Here, as at least the first three factors strongly support dismissal, the Court finds that plaintiff's unreasonable failure to prosecute his case and failure to comply with the November Order warrant dismissal.

**III.  ORDER**

IT IS THEREFORE ORDERED that this action is dismissed and that the Clerk enter judgment accordingly.

DATED:  March 5, 2019

                                                                                              /s/ Dolly M. Gee
                                                                                        DOLLY M. GEE
                                                                                  UNITED STATES DISTRICT JUDGE

---

[1]Where a plaintiff is proceeding *pro se*, a court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted).  A district judge may not dismiss an action for failure to comply with a court order or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous.  Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).  Here, as noted above, plaintiff was notified of the deficiencies in the Second Amended Complaint and afforded the opportunity to amend effectively.  Further, the November Order was not erroneous.